UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROSE WONG, et al., | ) | |
| | ) | Case No. 1:06-CV-02376 |
| Plaintiffs, | ) | |
| | ) | JUDGE ANN ALDRICH |
| v. | ) | |
| | ) | |
| PARTYGAMING, LTD., et al., | ) | |
| | ) | |
| Defendants. | ) | MEMORANDUM AND ORDER |
| | ) | |
| | ) | |

Before the court is plaintiffs Rose Wong and Patrick Gibson's (the "Representatives") unopposed motion for class certification [Docket No. 6]. Defendants PartyGaming, Ltd. and PartyGaming PLC (collectively, "PartyGaming") have not entered an appearance in this matter, and have not answered the complaint [Docket No. 1] or the instant motion. For the following reasons, the court grants the unopposed motion for class certification in part, certifies the class specified below, appoints class counsel, and directs further action.

**I.  Background**

The Representatives are two individuals, residing in Ohio, who signed up to play online poker with PartyGaming, a Gibraltar corporation. PartyGaming is a publicly traded corporation on the London stock exchange, and hosts thousands of individuals in online poker games each day. The Representatives allege that the total amount in controversy exceeds $5 million, creating subject matter jurisdiction under 28 U.S.C. § 1332(d). The Representatives allege that they and other customers signed up with PartyGaming's PartyPoker.com and PartyPoker.net (collectively, "PartyPoker") websites to play online poker, and that PartyGaming made certain promises to the Representatives and other customers who signed up. Specifically, PartyGaming allegedly claimed

that it had developed a "Collusion Prevention System" to prevent two or more players from working together and gaining an unfair advantage over other, individual players. The Representatives claim that PartyGaming's representation is false, and that there are members who possess multiple accounts and otherwise collude to the disadvantage of the Representatives and customers like them. The Representatives also allege that PartyGaming has been aware of this problem, has been unable to rectify it or has chosen not to, and chose to hide this problem from its customers to avoid losing business, to the detriment of those customers who then lost to those who colluded.

The Representatives claim to represent a class of individuals consisting of all those customers of PartyGaming in the United States from January 1, 2002 to the present who lost money gambling at the PartyPoker websites, which consists of thousands of individuals. The Representatives also allege that their claims for violation of state consumer protection laws, breach of contract, and misrepresentation are both typical of, and common among, the putative class. Finally, the Representatives allege that their counsel are adequate class representatives, and that the questions of law and fact so predominate among the putative class members that a class action is superior to other methods of adjudicating the claims at issue.

## II.     Discussion

The court has broad discretion in deciding whether to certify a class. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981). Maintainability as a class action may be determined by the pleadings, although it may be necessary for the court to probe behind the pleadings to ensure that the prerequisites of Rule 23 have been met. *Id.* at 160. The party seeking to utilize the class action device bears the burden of proof. *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 522 (6th Cir.1976). A class action may only be certified if the court is satisfied after a "rigorous analysis" that the

prerequisites of Rule 23(a) have been met. *General Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982). Once those prerequisites are met, then the party seeking certification must demonstrate that the action qualifies under at least one of the subcategories of Rule 23(b). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997). In the case at hand, the Representatives allege that they have met the requirements under the subcategory of Rule 23(b)(3).

### A. Rule 23(a) Prerequisites

In order to proceed as a class action, the party seeking certification must demonstrate that:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a). The court must find that these four prerequisites – "numerosity, commonality, typicality, and adequacy of representation" – are satisfied before certifying any class. *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998) (citing Fed. R. Civ. P. 23(a)).

Turning to the first prerequisite, numerosity, the Representatives allege that the injured parties consist of all PartyGaming customers who lost money on the PartyPoker websites, excluding those who engaged in collusion. Tens of thousands of people, by PartyGaming's representations, use the PartyPoker websites each day. Thus, a class of customers stretching from January 1, 2002 to the present would number into the tens of thousands if not hundreds of thousands or more. Such a total number of potential claimants easily satisfies the numerosity requirement, even if limited to customers in the United States.

Next, the court must determine whether questions of law or fact common to the putative class exist. In this case, the Representatives seek remedy under Ohio state contract law, tort law, and

statutory consumer protection law. Despite the difference in contract law, tort law and consumer protection law among the 50 states, the claims for the Representatives and other putative class members are based on virtually identical facts. As such, the commonality requirement is also met.

However, because the Representatives seek certification of a *nationwide* class in an action featuring strictly *state*-law claims, the typicality requirement is not as easily met. As the Sixth Circuit has noted, differences in state laws can affect the outcome of litigation of a putative nationwide class. *Barney v. Holzer Clinic, Ltd.*, 110 F.3d 1207, 1214 (6th Cir. 1997) (citation omitted). Indeed, "[i]f more than a few of the laws of the fifty states differ, the district judge would face an impossible task of instructing a jury on the relevant law, yet another reason why class certification would not be the appropriate course of action." *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1085 (6th Cir. 1996) (citation omitted). The Representatives have not provided this court with a review of all fifty states' laws regarding consumer protection, misrepresentation, or contract law which establishes that the differences between the respective states' laws are minor enough that they may be effectively ignored. The court therefore finds that the putative nationwide class does not meet the typicality requirement of Rule 23(a). However, a class consisting of all PartyGaming customers in Ohio who lost money on the PartyPoker websites, excluding those who engaged in collusion, does satisfy the typicality requirement.

The final requirement, adequacy of representation, appears satisfied with respect to the class of all Ohio customers, as the Representatives clearly have interests and claims in common with those putative class members, and certainly appear able to vigorously prosecute the interests of the class through qualified counsel. *Senter*, 532 F.2d 525. Given the experience, knowledge, and work of the Representatives' counsel in this matter, the court sees no barrier to appointing Representatives'

counsel as class counsel pursuant to Rule 23(g).

With respect to a putative nationwide class, the court finds that the Representatives' claims and defenses are not typical, and such a class may not be certified. However, the Representatives' claims and defenses are typical of a putative class of Ohio PartyGaming customers, and such a class may be certified, if it meets the requirements of Rule 23(b).

### B. Rule 23(b)(3)

The Representatives seek class certification pursuant to Rule 23(b)(3), which requires that the questions common to the class predominate over questions affecting individual members, and that a class action is superior to other methods of adjudicating the controversy. Fed. R. Civ. P. 23(b)(3). Based on the analysis of the typicality of the Representatives' claims, the court finds that the common claims, based on Ohio law, of the members of the class of Ohio PartyGaming customers who lost money but did not engage in collusion predominate over those issues affecting only individuals. Furthermore, the virtually identical facts and claims of each class member make the class action a superior method of adjudication to other methods, such as individual adjudication. *See, e.g., Daffin v. Ford Motor Co.*, 458 F.3d 549, 554 (6th Cir. 2006).

### C. Subject Matter Jurisdiction Pursuant to 28 U.S.C. § 1332(d)

While the court finds that a class of all PartyGaming customers in Ohio who lost money on the PartyPoker websites but did not engage in collusion may be certified under Rule 23(a)(1)-(4) and 23(b)(3), the court must return to the question of subject matter jurisdiction. In the Representatives' complaint, the plaintiffs allege that the jurisdictional minimum of $5 million of 28 U.S.C. § 1332(d)(2) is met by a nationwide class. The Representatives do not address whether a class of all Ohio individuals thus affected meets the jurisdictional minimum, as they must, in order for the court

to retain subject matter jurisdiction.

Pursuant to Rule 23(c)(1), the court provisionally certifies a class of "all persons in the state of Ohio who participated in on-line, single-table poker games at defendants' websites and paid the registration fee charged therefore by defendants, excluding those participants who engaged in collusion with other class members and/or obtained multiple accounts in order to alter the outcome of the on-line, single-table poker games." The class claims are defined as the three claims for relief specified in the Representatives' complaint, and the court appoints the Representatives' counsel as class counsel under Rule 23(g).

Prior to the direction of notice to class members as required by Rule 23(c)(2)(B), the court orders the Representatives to file an amended complaint, by March 30, 2007, encompassing the class defined herein, and addressing whether subject matter jurisdiction under 28 U.S.C. § 1332(d) still exists given the narrower class. The Representatives shall also propose to the court, by March 30, 2007, the method by which "the best notice practicable under the circumstances" as directed by Rule 23(c)(2)(B) may be given to the class members defined in this order.

**III. Conclusion**

For the foregoing reasons, the court grants the Representatives' unopposed motion for class certification [Docket No. 6] in part, provisionally certifying the class defined, and defining the class claims and appointing class counsel as described. The court also directs plaintiffs to file an amended complaint, encompassing the defined class and addressing subject matter jurisdiction over the defined class, as well as the proposed method of notice to class members, by March 30, 2007.

IT IS SO ORDERED.

                                                    /s/Ann Aldrich
                                                    ANN ALDRICH
                                                    UNITED STATES DISTRICT JUDGE

**Dated: March 19, 2007**